Earl Ray ANDREWS

v.

**EAST TEXAS MEDICAL CENTER–ATHENS, A Texas Non–Profit Corporation.**

No. 12–93–00133–CV.

Court of Appeals of Texas, Tyler.

Sept. 30, 1994.

Fred Head, Athens, for appellant.

Steve Spitzer, Tyler, for appellee.

HOLCOMB, Justice.

This is an appeal from a partial summary judgment ordering Earl Ray Andrews, Appellant, to pay a medical bill, interest, attorney's fees, and costs to Appellee, East Texas Medical Center–Athens ("Medical Center"). Andrews attempted to file a verified denial and subsequently filed a counterclaim against Medical Center alleging that he had received negligent medical care. After Medical Center filed a motion for summary judgment, the court granted partial summary judgment ordering Andrews to pay the account, but also ordered that Andrews' counterclaim against Medical Center for negligence be severed.

In 6 points of error, Andrews attacks three basic issues alleging that the court erred: (1) when it severed Medical Center's suit on sworn account from Andrews's cause of action for negligence, (2) when it granted judgment despite Medical Center's failure to properly file a motion for summary judgment, and (3) when it granted the motion for summary judgment without regard to the existence of a material fact issue. We will affirm.

In compliance with Rule 185, East Texas Medical Center–Athens filed suit against Earl Ray Andrews asking the court to order Andrews to pay a delinquent hospital bill. TEX.R.CIV.P. 185. Attached as exhibit "A" to its petition, Medical Center provided copies of an itemized accounting of Andrews' medical expenses including any offsets that had been deducted from his account. Andrews generally denied Medical Center's claims and in the next paragraph stated that he "specifically den[ied] under oath each and every, all and singular, the allegations [in] Plaintiff's ... Petition, say[ing] that said allegations are not true in whole or in part," and demanded that Medical Center provide proof of its claim against him.

After amending its petition twice, Medical Center filed a motion for summary judgment alleging that "there was no genuine issue of any material fact" as to the allegations made in Medical Center's pleadings on "file herein and the affidavits on file herewith or to be filed before the hearing." Although no affidavits were originally filed with the motion, Medical Center subsequently filed two affidavits in support of its motion. The first affidavit filed by Medical Center was signed by its Administrator/CEO, and stated in one paragraph that the "annexed account ... against ... Andrews for the sum of $19.245.41 [was] within the personal knowledge of affiant, just and true, that it is due and unpaid, and that all just and lawful offsets, payments, and credits have been allowed." Attached to this affidavit were the same copies of the statement of account that itemized Andrews' medical bill. Later, Medical Center filed a more lengthy affidavit outlining the common law elements necessary to prove a suit on sworn account.

In point of error one, Appellant contends that the court erred when it severed his counterclaim for negligence from Medical Center's suit on sworn account. He argues that: (1) the claims were virtually identical and "so interwoven" that the severance was improper under the Rules of Civil Procedure; (2) that the severance created a hardship because he would have to unnecessarily pay for further litigation, and (3) that the court improperly granted the severance on its own motion. TEX.R.CIV.P. 41. We do not agree.

The trial court's order of severance will not be disturbed on appeal unless the court has abused its discretion. *Saxer v. Nash Phillips–Copus Co. Real Estate*, 678 S.W.2d 736, 739 (Tex.App.—Tyler 1984, writ ref. n.r.e.). A claim is properly severable if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the sev-

ered claim does not involve the same facts and issues. *Id.*

■ The elements necessary to prove Medical Center's suit on sworn account against Andrews are: (1) a sale and delivery of goods or services, (2) the charges on the account are just, *i.e.*, the prices are charged in accordance with an agreement or, in the absence of an agreement, are the usual, customary and reasonable prices for that good or service; and, (3) the amount remains unpaid. *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 439 (Tex.Civ. App.—Texarkana 1981, no writ).

■ In Andrews cross-action, he alleged that Medical Center was negligent when it granted Andrews' personal physician, Dr. David Dowles, staff privileges without supervising that treatment. The common law elements of Andrews' negligence claim against Medical Center are duty, breach of duty, probable cause, and damages. The issues regarding Medical Center's claim against Andrews for its unpaid bill are far from identical, and are certainly not common to Andrews' claim against Medical Center for negligent care.

As to any hardship caused to Andrews as a result of the severance, we conclude that any potential duplication that resulted from the court's decision to properly sever a partial summary judgment from another cause, does not show an abuse of discretion. *See Cooke v. Maxam Tool and Supply, Inc.*, 854 S.W.2d 136, 142 (Tex.App.—Houston [14th Dist.] 1993, writ den.). Furthermore, Andrews' argument that the court erred when it granted a severance without a written request from Medical Center is without merit. The trial court may grant a severance on its own motion. *See Ingrum v. Ingrum*, 552 S.W.2d 914 (Tex.Civ.App.—San Antonio, 1977, no writ.); *see also Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 536 (Tex.Civ.App.—Tyler 1992).

In his second, third, fourth, and fifth points of error, Andrews contends that the court erred when it granted summary judgment because of various procedural deficiencies that were contained in Medical Center's motion. He argues that Medical Center had

incorporated within it's motion for summary judgment Plaintiff's First Amended Original Petition, which had been superseded by a subsequent petition and that Medical Center's affidavits were defective and of no probative value. In his sixth point, Andrews contends that the court erred when it granted Medical Center's motion for summary judgment because its motion was insufficient as a matter of law. We do not agree and will discuss all five points together.

■ First, we consider Andrews' argument that the summary judgment from which he appeals was based upon Medical Center's First Amended Petition, which was not a live pleading at the time that the court entered judgment. Medical Center's motion requesting summary disposition of its sworn account reads:

### I.

This cause is a suit for recovery of hospital bills for goods and services, plus interest, attorney's fees and costs of court, as shown in Plaintiff's First Amended Original Petition on file in this cause, which petition is incorporated in this motion as if set out verbatim herein.

### II.

Plaintiff would show that there is no genuine issue of any material fact with respect to Movant's cause of action as shown by the pleadings on file herein, and the affidavits filed herewith or to be filed before hearing, and Movant is entitled to a judgment against Respondent as a matter of law.

Medical Center's First Amended Original Petition alleged medical expenses for Andrews' medical care between September 10, 1990 through September 23, 1991 in the amount of $17,599.80, and it amended its petition to included medical expenses that Andrews incurred between September 2, 1990 through October 31, 1991 totaling $19,-245.41. Although Medical Center's motion referred to its First Amended Petition, in paragraph I, such reference was not the exclusive basis of the motion. Should all reference to the First Amended Petition be ig-

nored, Medical Center's motion would not be materially changed. Medical Center's Second Amended Petition added medical expenses previously omitted from the prior pleading, was supported by appropriate documentation proving the Andrews account, and was timely filed and served on all parties prior to the summary judgment hearing.

In ruling on a motion for summary judgment it is clear from the express provisions of Rule 166a(c) that the court is to consider the pleadings that are on file at the time of the hearing. TEX.R.CIV.P. 166a(c). We cannot find any evidence in the record to show that the court based its ruling on Medical Center's First Amended Original Petition.

Next, Andrews argues that the affidavit of Patrick Wallace, Medical Center's Administrator, was defective because: (1) it did not include a statement that his averments were "true and correct"; (2) it did not state how Patrick Wallace gained his personal knowledge about the account; and (3) it did not comply with Rule 166a of the Texas Rules of Civil Procedure and Section 312.011(1) of the Texas Government Code. He also complains that the hospital bills were not included in the summary judgment evidence.

■ Although Rule 166a was never intended to deprive a litigant of a full hearing on the merits of any fact issue, Andrews' arguments overlook the unique nature of a suit on sworn account. Generally, pleadings alone, even if not verified, do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). However, sworn account cases typically lend themselves to summary judgment disposition because the pleadings can be the basis for summary judgment. *Enernational Corp. v. Exploitation Engineers*, 705 S.W.2d 749, 750 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ To establish sufficient evidence to support a prima facie case in a suit on a sworn account as well as sufficient evidence to support summary disposition, the movant must strictly follow the provisions outlined in the Texas Rules of Civil Procedure. TEX. R.CIV.P. 185, 93(10), 166a; *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73, 76 (Tex.

App.—Dallas 1986, writ ref'd n.r.e.). Under Rule 185, a Plaintiff's petition on sworn account must contain a systematic, itemized statement of the goods or services sold, must reveal offsets made to the account, and must be supported by an affidavit stating that the claim is, within the affiant's knowledge, "just and true." TEX.R.CIV.P. 185. If properly filed, the Plaintiff's petition and affidavit supporting that petition become prima facie evidence of the debt.

■ By the same token, the defendant's denial must be written and supported by an affidavit denying the account. TEX.R.CIV.P. 185, 93(10); *Canter v. Easley*, 787 S.W.2d 72 (Tex.App.—Houston [1st Dist.] 1990, writ den'd). An opponent that does not properly file a written denial under oath will not be permitted to dispute the receipt of services or the correctness of the charges. *Vance v. Holloway*, 689 S.W.2d 403, 405 (Tex.1985). The difficulty lies in the fact that neither Rule 185 nor 93(10) specify a particular form or mandate specific words to be used when a defendant files a sworn denial. It only requires a person resisting a sworn account claim to "file a written denial under oath". In an effort to eliminate the technical pleading requirements in the former version of Rule 185, the Rule was amended in 1984. However, the purpose of a verified specific denial is to point out the manner in which the plaintiff's allegations within the petition are not true. Otherwise neither the court nor the opposing party is apprised of the fact issue that necessitates further litigation.

■ Medical Center argues that Andrews' answer was merely a "sworn general denial," which does not meet the requirements of Rules 185 and 93(10). *See Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d 102 (Tex.App.—Dallas 1988, no writ). Citing *Huddleston*, Medical Center argues that a "sworn general denial" does not constitute a denial of its account. Should Andrews' denial be insufficient, Medical Center's affidavit attached to its petition, short though it may have been, is considered prima facie evidence to support a summary judgment and additional proof of the accuracy of the account was unnecessary. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862

(Tex.1979). This procedure is one of the rare instances in which a plaintiff may summarily dispose of a case on pleadings, because the defendant essentially concedes that there is no defense to Plaintiff's claim by failing to specifically comply with procedural rules. *Enernational Corp. v. Exploitation Engineers, Inc.*, 705 S.W.2d 749, 750 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Andrews' answer, in effect, although verified, is no more than a verified general denial. Therefore, the question before us is whether a sworn denial, general in nature, is sufficient to require a plaintiff in a suit on sworn account to provide further proof of his case in a summary judgment proceeding. In *Hidalgo v. Surety Savings & Loan Ass'n,* the supreme court delineated the rare instances in which a summary judgment could be granted on the pleadings:

> ... When a suit is on a sworn account under Rule 185, Texas Rules of Civil Procedure, and the account is not denied under oath as therein provided, or when the plaintiff's petition fails to state a legal claim or cause of action. In such cases summary judgment does not rest on the proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading....

*Hidalgo v. Surety Savings & Loan Ass'n.,* 462 S.W.2d 540, 543 (Tex.1971). Unless a defendant's written denial states more than a broad generalization that he "specially denies" each and all of the allegations, he fails to address the facts on which he intends to rebut the plaintiff's affidavit, and files no more than a verified general denial. A general denial, even if sworn to, does not raise a fact issue on a suit on a sworn account. We conclude that Andrews' sworn answer did not comply with Rules 185 and 93(10), and therefore did not sufficiently deny the account upon which Medical Center's claim was filed. Upon failing to properly file a verified denial, Andrews did not overcome the evidentiary presumptions afforded Medical Center on its sworn account, and failed to raise a fact issue to defeat a summary judgment. Points of error two, three, four, five and six are over-ruled. The judgment of the trial court is **affirmed.**