COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

FLOYD
OLIVER and LAYTON OLIVER,          )                    No. 
08-01-00446-CV

                                                                              )

Appellants,                         )                             Appeal from

                                                                              )     

v.                                                                           )                             County Court

                                                                              )

CARTER AND COMPANY IRR., INC.,             )                   of Gaines County, Texas

                                                                              )

Appellee.                           )                             (TC# 1765)

 

O
P I N I O N

 

Carter
and Company Irr., Inc. (Carter & Co.) filed suit
on a sworn account against Floyd and Layton Oliver (the Olivers).  Alleging a defect in the Olivers= answer, Carter & Co. successfully
sought summary judgment.  We reverse and
remand.

FACTUAL SUMMARY 

Carter
& Co. filed an original petition in the Gaines County Court alleging that
the Olivers defaulted in making payment on their
account with the company.  Carter &
Co. claimed that they sold services and/or merchandise to the Olivers which they accepted and became bound to pay at the
designated price, Awhich is
a reasonable, usual, and customary price for such merchandise.@ 
The total balance claimed to be due to Carter & Co. was $6,796.01, Aexclusive of interest after all just
and lawful offsets, credits, and payments have been allowed.@ 
Attached to the petition was a statement of account, which included a
copy of a calculator tape and copies of six invoices.  








The
Olivers=
original answer contains the following recitation:  

COMES
NOW, FLOYD OLIVER and LAYTON OLIVER, Defendants in the above-entitled and
numbered cause, and files this their verified Original
Answer and would show the Court:

 

I.  GENERAL DENIAL

 

Defendants
deny each and every, all and singular, the allegations of Plaintiff=s Original Petition and demand strict
proof thereof as required by the Texas Rules of Civil Procedure.  Said Defendants deny the charges as
reasonable and customary and the amount asserted and/or claimed.

 

II.  PRAYER

 

Defendants
pray the Court, after notice and hearing or trial, enter judgment in favor of
Defendants, award Defendants their costs of court, attorney=s fees, and such other and
further relief as Defendants may be entitled to in law or in equity.  [Emphasis added].

 

The Olivers
verified their original answer by Averification@ that reads as follows:

 

VERIFICATION 

 

.          .         .

 

We
the undersigned, FLOYD OLIVER and LAYTON OLIVER, Defendants in the above-numbered
and entitled cause do hereby enter this verification of denial of the said
sworn account.  We hereby enter said
denial, denying each and every allegation contained therein and specifically
denying an amount due, the specifics of said amount being due, and the debt
and/or account.  A denial is hereby
entered as to the amount charged and as to whether such charges were usual,
customary, and/or reasonable prices for said merchandise and/or services and
denying the amount asserted.

 

Signed this the 15th day of June, 2001.

 

/s/
Floyd Oliver

/s/
Layton Oliver

 

SWORN
TO AND SUBSCRIBED BEFORE ME, by the said FLOYD OLIVER, this 15th day of June,
2001.

 








/s/
Scarlett Eastteam

Notary
Public, State of Texas

 

SWORN
TO AND SUBSCRIBED BEFORE ME, by the said LAYTON OLIVER, this 15th day of
June, 2001.

 

/s/
Rhonda Marion Trent

Notary
Public, State of Texas  

 

Four days later, Carter & Co. moved for summary judgment
pursuant to Rule 166a of the Texas Rules of Civil Procedure on the grounds that
the Olivers=
answer was

[D]efective and insufficient in law to constitute or raise
a defense to Plaintiff=s
cause of action on the account referred to in Plaintiff=s
Original Petition.  The pleadings,
exhibits, and affidavits filed in this cause show that there is no genuine
issue as to any material fact between the parties and accordingly plaintiff is
entitled to judgment against Defendant as a matter of law as requested in the
Plaintiff=s
original Petition.  [Emphasis
added].  

 

The
Olivers failed to file their objections and response
to the motion within the required time period and asked for leave of court to
file the response.  The trial court
denied the request.  The Olivers then filed a motion to reconsider which was also
denied.  

The day before the trial court denied the motion to reconsider, the Olivers filed an
amended original answer.  It included two
paragraphs, one setting forth a Ageneral
denial@ and the
other a Aspecific
denial.@  The general denial was a reassertion of the
general denial made in the original answer:

Defendants
deny each and every, all and singular, the allegations of Plaintiff=s Original Petition and demand strict
proof thereof as required by the Texas Rules of Civil Procedure.  Said Defendants deny the charges as
reasonable and customary and the amount asserted and/or claimed.

 

The specific
denial provided:

 








Defendants enters [sic] a verified denial pursuant to Tex.R.Civ.P. 93(10), and for proof thereof, incorporates the attached
verification and Exhibit >A= herein.  Further, Defendants would show that in
connection with the account in question, there was no sale or delivery of goods
and/or services, the amount alleged due and owing by the Plaintiff was not in
accordance with an agreement, if any, and the amount is not unpaid.  

 

The
amended answer was supported by an affidavit by Floyd Oliver.  In its summary judgment, the trial court
stated:   

Having
considered the Plaintiff=s
Motion, the Pleadings and Affidavits on file herein as well as the argument
of counsel, the Court finds that Plaintiff=s
suit is founded upon a sworn account, but that the Defendant has failed to
file a Response in compliance with the Texas Rules of Civil Procedure, and
that no such Response has been timely tendered; it is, therefore, ORDERED that
such Response not be filed in the record of this cause.  [Emphasis added].

 

The
court also ordered that Carter & Co. recover from the Olivers
the sum of $6,796.01 together with pre-judgment and post-judgment interest, and
attorney=s fees
and costs.  The Olivers
timely filed this appeal.  In their sole
point of error, the Olivers claim that the trial court
erred in granting summary judgment because Carter & Co. failed to prove the
requisite elements of a suit on a sworn account as a matter of law with
sufficient summary judgment evidence. 
The Olivers claim they filed a proper verified
denial of Carter & Co.=s
claims and amended the verified denial prior to the summary judgment hearing so
as to raise a material fact issue. 
Consequently, Carter & Co.=s prima facie case was rebutted
and Carter & Co. was required to prove each element of its claim on the
account, but failed to do so.   

STANDARD OF REVIEW








The standard of review on appeal is whether the successful movant at the trial level demonstrated that there are no
issues of material fact and that it is entitled to judgment as a matter of
law.  Nixon v. Mr.
Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985).  In resolving the issue of whether the movant has carried this burden, all evidence favorable to
the non-movant must be taken as true and all
reasonable inferences, including any doubts, must be resolved in the non-movant=s
favor.  Id. at 548-49.   When a trial court=s
order granting summary judgment does not articulate the grounds relied on for
its ruling, an appellate court will affirm a summary judgment if any of the
theories advanced are meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

SUIT ON A SWORN ACCOUNT

Texas Rules of Civil Procedure 185 and 93(10) govern suits
for debt on a sworn account.  Rule 185
provides:  

When
any action or defense is founded upon an open account or other claim for goods,
wares and merchandise, including any claim for a liquidated money demand based
upon written contract or founded on business dealings between the parties, or
is for personal service rendered, or labor done or labor or materials
furnished, on which a systematic record has been kept, and is supported by the
affidavit of the party, his agent, or attorney taken before some officer and
authorized to administer oaths, to the effect that such claim is, within the
knowledge of affiant, just and true, that it is due, and that all just and
lawful offsets, payments and credits have been allowed, the same shall be taken
as prima facie evidence thereof, unless the party resisting such claim shall
file a written denial, under oath.  A
party resisting such a sworn claim shall comply with the rules of pleading as
are required in any other kind of suit, provided, however, that if he does
not timely file a written denial, under oath, he shall not be permitted to deny
the claim, or any item therein, as the case may be.  No particularization or description of the
nature of the component parts of the account or claim is necessary unless the
trial court sustains special exceptions to the pleadings.  [Emphasis added].

 

Tex.R.Civ.P. 185.  Rule 93 provides:

 

A
pleading setting up any of the following matters, unless the truth
of such matters appear of record, shall be verified by affidavit.

 

.          .           .

 

10.  A denial of an account which is the
foundation of the plaintiff=s
action, and supported by affidavit. 
[Emphasis added].

 








Tex.R.Civ.P. 93(10).  

 

In order to establish sufficient evidence to support a prima
facie case in a suit on a sworn account and sufficient evidence to support
a summary judgment disposition, the movant must
strictly adhere to the provisions of the Texas Rules of Civil Procedure.  Tex.R.Civ.P. 185, 93(10), 166a.  Andrews v. East Texas Med. Ctr.--Athens, 885 S.W.2d 264, 267
(Tex.App.--Tyler 1994, no writ); Cooper v. Scott Irrigation
Constr. Inc., 838 S.W.2d 743, 746 (Tex.App.--El Paso 1992, no writ).  If there is a deficiency in the plaintiff=s sworn account, the account will not
constitute prima facie evidence of the debt.  See Enernational
Corp. v. Exploitation Eng=rs, Inc., 705 S.W.2d 749, 750 (Tex.App.--Houston
[1st Dist.] 1986, writ ref=d
n.r.e.). 
At the same time, the defendant=s
denial must be written and supported by an affidavit denying the account.  Tex.R.Civ.P. 93(10); Andrews,
885 S.W.2d at 267.  A sworn
general denial is insufficient.  Huddleston v. Case Power & Equipment Co., 748 S.W.2d
102, 103 (Tex.App.--Dallas 1988, no writ); Cooper,
838 S.W.2d at 746.  A proper
denial will destroy the prima facie effect of the verified claim and
will force the plaintiff to prove his claim. 
Cooper, 838 S.W.2d at 746.  A party who fails to file a sworn denial  as required by
Rules 185 and 93(10) may not dispute the receipt of items or services or the
correctness of the stated charges.  Canter
v. Easley, 787 S.W.2d 72, 73 (Tex.App--Houston
[1st Dist.] 1990, writ denied), citing Vance v. Holloway, 689 S.W.2d 403
(Tex. 1985); Cooper, 838 S.W.2d at 745-46.  Should the defendant=s
answer not satisfy the requirements of Rule 93(10), the plaintiff=s affidavit attached to its petition
will be considered prima facie evidence to support a summary judgment
and additional proof of the accuracy of the account is unnecessary.  Rizk v. Financial Guardian Ins. Agency, Inc. 584 S.W.2d 860, 862
(Tex. 1979).  Consequently, the
plaintiff may dispose of the case on the pleadings alone.  Andrews, 885 S.W.2d
at 268.








The issue before us is the sufficiency of the Olivers=
sworn denial in their original answer. 
Carter & Co.=s
motion for summary judgment alleged that the Olivers= answer was Adefective
and insufficient in law to constitute or raise a defense@
to their cause of action.  It is unclear
from the language of the motion or the trial court=s
order granting summary judgment whether the summary judgment was granted
because of an insufficiency of the language used in the answer to deny
Carter & Co.=s
claim or because of a defect in the form of the purported affidavit supporting
the answer.  In either case,  we find that the Olivers=
original answer did not satisfy the requirements of Rules 185 and 93(10) to
destroy the prima facie effect of Carter & Co.=s sworn account claim.  

Sufficiency of the Olivers= Original Answer








Carter & Co.=s original petition and supporting
affidavit complied with Rule 185 and established a prima facie case on
the sworn account claim.  At this point,
Carter & Co. was entitled to summary judgment on the pleadings without
additional proof unless the Olivers properly controverted the claim with a written denial.  Rule 185 requires that the party resisting a
sworn account Afile a
written denial, under oath@
and comply with Rule 93(10) requiring a special verified denial of the account
supported by an affidavit in order to put the plaintiff=s
claim at issue.  Huddleston, 784 S.W.2d at 103. 
Neither Rule 185 nor Rule 93(10) specifies a particular form or mandate
magic words to be used in a defendant=s
sworn denial.  Andrews, 885 S.W.2d at 267. 
Rule 185 was amended in 1984 to eliminate the technical pleading
requirements of the former version and to make suits on account subject to
ordinary rules of pleading and practice. 
Canter, 787 S.W.2d at 74.  While no specific form or words are required,
the answer must Asufficiently
deny@ the
account upon which the plaintiff=s
claim is founded.  Id.; Cooper,
838 S.W.2d at 746. 
A defendant need not deny each and every item of a sworn account claim,
but must deny the account upon which the plaintiff=s
case is based.  Huddleston, 784 S.W.2d at 103-04. 
Carter & Co. argues that the verified pleading attached to the Olivers=
answer is no more than a verified general denial and fails to satisfy the
requirements of Rules 185 and 93(10).  We
disagree.  

The Olivers denied the account upon
which Carter & Co.=s
claim is based with specific facts.  They
denied the amount due and Awhether
such charges were usual, customary and/or reasonable prices for said
merchandise and/or services . . . . @  This denial directly controverts the claim
made by Carter & Co. in their original petition regarding the
reasonableness of the prices for the merchandise at issue.  While no specific form or words are required,
the denial must be directed at the particular account in question.

In Canter, the court held that a defendant=s sworn answer met the requirements of
Rules 185 and 93(10) and that it sufficiently denied the account upon which the
plaintiff=s claim
was based when it denied Athe
allegations contained in Paragraphs II and III and IV of the Plaintiff=s Original Petition@ and where Paragraph II of the
plaintiff=s
original petition contained the sworn account allegations.  Canter, 787 S.W.2d
at 73-74.  The Olivers= answer is more specific.  See Worley v. Butler, 809
S.W.2d 242, 245 (Tex.App.--Corpus Christi 1990, no
writ)(where plaintiff would have to show that the
prices charged in the absence of an agreement are the usual, customary, and
reasonable prices for that merchandise or services).  The Olivers= answer included a denial that the
charges were reasonable and customary. 
This was sufficient to raise a fact issue to overcome the plaintiff=s prima facie case.  However, whether or not the language in the Olivers=
answer sufficiently denies the sworn account claim, the attached Averification@
renders the answer fatally defective.








The AVerification@ as Affidavit

Carter & Co. argues that the Olivers= answer was insufficient because it
failed to have an affidavit in support of the answer as required by Rules 185
and 93(10).  We agree.  The Averification@ attached by the Olivers
did not constitute an affidavit.  AAffidavit@
is defined as Aa
statement in writing of a fact or facts signed by the party making it, sworn to
before an officer authorized to administer oaths, and officially certified to
by the officer under his seal of office.@  Tex.Gov=t Code Ann. '
312.011(1)(Vernon 1998).  No particular terminology is required by
Section 312.011 to render a document an affidavit.  Norcross v. Conoco, Inc., 720 S.W.2d 627, 630 (Tex.App.--San
Antonio 1986, no writ).  It is the
substance and not the form of an affidavit that is important.  Id., citing
Taylor v. Fred Clark Felt Company, 567 S.W.2d 863 (Tex.Civ.App.--Houston
[14th Dist.] 1978, writ ref=d
n.r.e.). 
However, the form of a statement is important for purposes of
determining whether such statement qualifies as an affidavit that must
accompany a written denial under Rules 185 and 93 (10).








In order for the Averification@ to satisfy the requirements of an
affidavit under Rules 185 and 93, it must recite under oath that the factual
statements contained in the defendant=s
answer are true.  See Brown Foundation Repair and Consulting, Inc., v.
Friendly Chevrolet Co., 715 S.W.2d 115, 117 (Tex.App.--Dallas
1986, writ ref=d n.r.e.).  Brown
involved a sworn account where the defendant=s
trial pleading read in relevant part, ASUBSCRIBED
AND SWORN TO before me, the undersigned authority, by Robert L. Brown, known to
me to be the Vice-President of Brown Foundation Repair and Consulting, Inc., to
certify which witness my hand and seal of office this 28 day of June,
1985.@  Id. 
The court held that the affidavit did not constitute a verified denial
because A[n]owhere does it appear that Robert L. Brown has sworn or
affirmed under oath that the facts stated are true.@  Id. at 118.  While the verification here was signed by
both of the Olivers and was sworn to before two
notaries, it does not contain an oath that the facts alleged in the answer are true
and thus does not satisfy the requirements for an affidavit under Rules 185 and
93(10). 

Sufficiency of the Olivers= First Amended Original Answer

Having determined that the Olivers= original answer failed to satisfy the
requirements of Rules 185 and 93(10) so as to properly controvert Carter &
Co.=s
sworn account claim, we now turn to the Olivers= claim that their first amended answer
sufficed.  The day before the trial court
denied the motion to reconsider the request for the late filing of a response
to the motion for summary judgment, the Olivers filed
an amended original answer containing both a Ageneral@ denial reasserting the denials made in
the original answer and a Aspecific@ denial that provided additional facts controverting the sworn account claim.  The answer was supported by an Aaffidavit@
signed by Floyd Oliver.  

The amended answer and supporting affidavit easily satisfy
the requirements of Rules 185 and 93(10). 
It contained more than a broad denial of the allegations against the Olivers and specific reference was made to the
account which is the basis of the plaintiff=s
petition, stating, Ain connection
with the account in question, there was no sale or delivery of goods and/or
services . . . .@  The Olivers also
denied that Athe
amount alleged due and owing by the Plaintiff was not in accordance with any
agreement, if any . . . . @  The affidavit contained the essential
affirmation under oath that the statements contained in the Olivers= amended answer were Atrue and correct@
as well as all other recitations required in an affidavit.

Was the First Amended Answer Considered by the
Trial Court?








The Olivers argue that because they
filed the amended answer prior to the hearing on the motion for summary
judgment, because there was no evidence in the record that Carter & Co.
objected to it or suffered unfair prejudice or surprise, and because there was
no indication that the trial court did not consider it, leave to file the
amended answer should be presumed.  We
agree.  Rule 63 of the Texas Rules of
Civil Procedure provides:  

Parties
may amend their pleadings . . . provided, that any pleadings, responses or
pleas offered for filing within seven days of the date of trial or thereafter,
or after such time as may be ordered by the judge under Rule 166, shall be
filed only after leave of the judge is obtained, which leave shall be granted
by the judge unless there is a showing that such filing will operate as a
surprise to the opposite party. 

 








Tex.R.Civ.P.  63. 
Rule 63 has been given a liberal interpretation.  Goswami
v. Metropolitan Savings and Loan Association,  751 S.W.2d 487 (Tex. 1988).  In Goswami,
the Texas Supreme Court held that since the record in the case was silent of
any basis to conclude that the amended petition was not considered by
the trial court and that the opposite party did not show surprise or prejudice,
leave of court was presumed.  Goswami, 751 S.W.2d at 490.  Here, the amended answer was filed within
seven days of the summary judgment hearing. 
The Goswami court determined that a
summary judgment proceeding is a Atrial@ within the meaning of Rule 63.  Id. 
The trial court=s
order granting summary judgment states that it Aconsidered
the Plaintiff=s Motion,
the Pleadings and Affidavits on file herein.@  The record does not indicate that the trial
court refused leave to file the amended answer; it indicates only that the
trial court denied leave to file an untimely response to the motion for summary
judgment.  Nor does the record contain
any indication that Carter & Co. would suffer  surprise or prejudice.  Thus, we presume that the trial court granted
leave to amend and that the amended answer was properly before the trial court
when it entered its order on the motion for summary judgment.  The amended answer and supporting affidavit
satisfied the requirements of Rules 185 and 93(10).  Consequently, Carter & Co.=s
petition cannot be considered prima facie evidence to support summary
judgment in their favor.  We overrule
Appellants= sole
issue and reverse and remand for further proceedings.

 

 

June 13, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No.
4

Barajas, C.J.,
Larsen, and McClure, JJ.

 

(Do Not Publish)