Opinion filed August 20, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00221-CV

_____

## D. WEBB INDUSTRIES, LLC D/B/A EAST TEXAS OILFIELD SUPPLY COMPANY, Appellant

## V.

## PERMIAN EQUIPMENT RENTALS, LLC, Appellee

**On Appeal from the County Court at Law No. 2
Midland County, Texas
Trial Court Cause No. CC18659**

## M E M O R A N D U M   O P I N I O N

Permian Equipment Rentals, LLC sued D. Webb Industries, LLC d/b/a East Texas Oilfield Supply Company (referred to in this opinion as "D. Webb Industries") to recover for goods and services that Permian claimed to have furnished to D. Webb Industries. The lawsuit included claims based upon sworn account, breach of

contract, and "quantum meruit/unjust enrichment." Permian also sought attorney's fees in connection with its claims.

After Permian sued D. Webb Industries, D. Webb Industries filed a motion to transfer venue and, subject to that motion, filed its original answer wherein it generally denied the claims made by Permian. Also, the answer contained a verified denial in which D. Webb Industries generally denied that it owed the amount claimed by Permian. Ultimately, D. Webb Industries abandoned its motion to transfer venue, and venue is not an issue in this appeal.

Permian subsequently filed a traditional motion for summary judgment. After Permian filed its motion for summary judgment, D. Webb Industries filed its "Motion to Transfer Venue and First Amended Original Answer Subject to its Motion to Transfer Venue." D. Webb Industries also filed a response to Permian's motion for summary judgment.

By order dated June 13, 2018, the trial court granted Permian's motion for summary judgment on Permian's sworn account and quantum meruit causes of action. In its order, the trial court awarded Permian $28,670 plus interest and costs. It also awarded Permian attorney's fees of $13,056.18 and provided that the judgment was final.

After the trial court had entered its judgment, D. Webb Industries filed a "Motion for Reconsideration or, in the Alternative, to Modify Final Judgment." For the first time, D. Webb Industries asserted that attorney's fees could not be awarded against a limited liability company under Chapter 38 of the Texas Civil Practice and Remedies Code. D. Webb Industries also argued that the determination of the amount of attorney's fees was a question of fact and that, because D. Webb Industries had filed a jury demand, the issue as to the amount of attorney's fees

should be submitted to a jury. Additionally, D. Webb Industries argued that the evidence was conflicting on the issue of the amount of attorney's fees.

Permian responded to D. Webb Industries' motion to reconsider and asserted that the issue as to the availability of attorney's fees under Chapter 38 had either been waived or tried by consent. Permian also maintained that it is proper, under Chapter 38, to award attorney's fees against a limited liability company and that the amount of attorney's fees is not always a question of fact. Permian also sought additional attorney's fees in connection with D. Webb Industries' motion to reconsider.

After the trial court had heard D. Webb Industries' motion to reconsider, it issued another order in which it again granted Permian's motion for summary judgment, as it had before. However, in the new judgment, the trial court increased the award of attorney's fees and costs awarded against D. Webb Industries by $7,083.67 for a total award of attorney's fees and costs in the amount of $20,139.85. This appeal followed the entry of the second judgment. We modify and affirm.

In its first issue on appeal, D. Webb Industries asserts that it created a fact issue when it provided competent summary judgment evidence that it did not owe the account sued upon. Therefore, D. Webb Industries maintains, the trial court erred when it granted summary judgment for Permian.

We will first review the summary judgment as to the claim on sworn account.

Permian's motion for summary judgment was a traditional one. We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). To prevail on a traditional motion for summary judgment, the movant must prove that there is no genuine issue regarding any material fact and that the movant is entitled to a judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). We are

to take as true all evidence favorable to the nonmovant and indulge all reasonable inferences in the nonmovant's favor. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The summary judgment evidence raises a fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Rule 185 of the Texas Rules of Civil Procedure addresses suits on sworn accounts. TEX. R. CIV. P. 185. The rule is not a substantive rule but, rather, is a procedural vehicle by which a claimant may establish a prima facie right of recovery. *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.).

The elements of a sworn account claim are: "(1) the sale and delivery of merchandise or performance of services; (2) that the amount of the account is 'just,' i.e., the prices charged are pursuant to an express agreement, or in the absence of an agreement, that the charges are usual, customary, or reasonable; and (3) that the outstanding amount remains unpaid." *Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 246 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The account must be one upon which a systematic record has been kept. TEX. R. CIV. P 185. The claim must be "supported by the affidavit of the party, his agent or attorney . . . , to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." *Id.* If those provisions of Rule 185 are met, the claim is taken as true unless the opposing party files, under oath, a written denial of the claim. *Id.* If the opposing party fails to file a written denial under oath, then it is not allowed to deny the claim or any item in it. *Id.*

4

Permian met the requirements of Rule 185. In its Second Amended Petition, Permian alleged that it provided goods and services to D. Webb Industries; that D. Webb Industries accepted them and became bound to pay the charges; that the charges were reasonable and necessary; that the records of the transaction were systematically kept in the regular course of business; that all just and lawful offsets, payments, and credits had been allowed; that the claim was just and true; that it had made demand upon D. Webb Industries; and that the balance was due. Permian attached its records custodian's affidavit in support of the claim. Copies of the records were attached to the affidavit.

However, a defendant may destroy the prima facie presumption if it files a sworn denial of the plaintiff's claim and if the sworn denial is supported by an affidavit in which the defendant denies the account as required by Rule 93(10) of the Texas Rules of Civil Procedure. TEX. R. CIV P. 93(10), 185; *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 833 (Tex. App.—Dallas 2014, no pet.). If a defendant complies with that provision, the plaintiff must introduce proof of its claim. *Woodhaven Partners*, 422 S.W.3d at 833. If a defendant does not comply with that provision, it may not dispute either the receipt of the goods or services or the correctness of the charges. *See id.*

"[T]he purpose of a verified specific denial is to point out the manner in which the plaintiff's allegations within the petition are not true. Otherwise[,] neither the court nor the opposing party is apprised of the fact issue that necessitates further litigation." *Andrews v. E. Tex. Med. Ctr.–Athens*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no pet.). "A sworn general denial does not constitute a denial of the account and is insufficient to remove the evidentiary presumption created by a properly worded and verified suit on an account." *Woodhaven Partners*, 422 S.W.3d at 833.

A defendant must do more than make a "broad generalization that he 'specifically denies' the sworn account allegations." *Id.* The information in the affidavit "must address the facts on which the defendant intends to rebut the plaintiff's affidavit." *Id.*; *see also Andrews*, 885 S.W.2d at 268. A general statement in the affidavit to the effect that the sworn account is "not true in whole or in part" or that denies that the defendant is "indebted for the amount alleged" in the petition is insufficient to rebut the evidentiary effect of a properly verified claim on a sworn account. *Woodhaven Partners*, 422 S.W.3d at 832, 834; *Andrews*, 885 S.W.2d at 265, 268.

In its First Amended Original Answer, D. Webb Industries stated that "Defendant denies that it owes the amount claimed." An examination of D. Webb Industries' pleadings, including affidavits, reveals that D. Webb Industries' position from the outset has been that it can find no documentation, such as signed field tickets, in its own records, and Permian has not furnished any, to "allow [D. Webb Industries] to determine which jobs these deliveries should be attributed to." Dustin L. Webb, the owner of D. Webb Industries, averred that he "was only able to confirm that one of the invoices [was] valid." Webb also swore that, in the absence of any evidence in Permian's file or D. Webb Industries' files that D. Webb Industries actually ordered the goods or services or signed the field tickets receiving the goods or services, "there is only one logical conclusion -- that D. Webb Industries did not order the good [sic] and/or services sought in the invoices."

Webb's affidavit basically is to the effect that, because he can find nothing in his company's records to support Permian's claim, it follows that D. Webb Industries does not owe the account. "Therefore," avers Webb, "[D. Webb Industries] disputes the account sought by plaintiff in this case." D. Webb Industries' denial is explicitly based upon what it calls a "logical conclusion"; there are no other facts contained in

the affidavit other than it cannot find any paperwork to support Permian's claim. Based upon the absence of any records, D. Webb Industries concludes that it must not owe the account. Although the affidavit might contain proof that D. Webb Industries could find no records, it is only by conclusion that D. Webb Industries denies the account. Conclusory affidavits are insufficient to raise fact issues. *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

Webb's affidavit is insufficient to rebut the evidentiary presumption created by Permian's properly worded and verified suit. Because it complied with Rule 185, the account is taken as prima facie evidence of the claim, and Permian is entitled to summary disposition without formally introducing the account as evidence of the debt. *Woodhaven Partners*, 422 S.W.3d at 833; *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 353–54 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Therefore, D. Webb Industries may not dispute either the receipt of the goods and services or the correctness of the charges. *See Woodhaven Partners*, 422 S.W.3d at 833. It follows, then, that D. Webb Industries did not raise a genuine issue regarding any material fact and that the trial court did not err when it granted Permian summary judgment on the account. We overrule D. Webb Industries' first issue on appeal.

In its second issue on appeal, D. Webb Industries maintains that the trial court erred when it awarded attorney's fees against D. Webb Industries because it is a limited liability company. It is D. Webb Industries' position that attorney's fees may not be awarded under Chapter 38 of the Texas Civil Practice and Remedies Code against a limited liability company. On appeal, Permian disagrees, and it also contends that, in any event, D. Webb Industries has either waived the issue or tried it by consent. We will first consider the propriety of the award of Chapter 38 attorney's fees against a limited liability company.

7

In Texas, a litigant may recover attorney's fees only when a contract or statute specifically provides for the recovery of such fees. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). Whether attorney's fees are available under a statute is a question of law. *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 453 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Chapter 38 of the Texas Civil Practice and Remedies Code addresses attorney's fees. Section 38.001 provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (7) a sworn account." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(7) (West 2015). Because a limited liability company is not a listed entity under Section 38.001, attorney's fees may not be awarded under Chapter 38 against a limited liability company. *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 594 S.W.3d 722, 757–58 (Tex. App.—Houston [14th Dist.] 2019, pet. filed); *Phoneternet, LLC v. Drawbridge Design*, No. 05-17-00890-CV, 2018 WL 3238001, at *3 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.); *TEC Olmos, LLC v. ConocoPhillips Co.*, 555 S.W.3d 176, 188 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *First Cash, Ltd v. JQ-Parkdale, LLC*, 538 S.W.3d 189, 200 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.); *8305 Broadway, Inc. v. J&J Martindale Ventures, LLC*, No. 04-16-00447-CV, 2017 WL 2791322, at *5 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op.); *CBIF Ltd. P'ship v. TGI Friday's, Inc.*, No. 05-15-00157-CV, 2017 WL 1455407, at *25 (Tex. App.—Dallas April 21, 2017, pet. denied) (mem. op.); *Alta Mesa Holdings*, 488 S.W.3d 438 at 452. We see no reason to rehash the statutory construction principles expressed in these cases by our sister courts, and we adopt the reasoning set forth in them. We decline Permian's invitation to hold contrary to what seems to be the unanimous position of the Texas Courts of Appeals that have addressed the issue. We hold that

attorney's fees under Chapter 38 are not recoverable against D. Webb Industries, LLC, a limited liability company.

But did D. Webb Industries waive the issue or try the issue by consent as Permian argues?

Again, after the trial court entered its first order in which it granted summary judgment to Permian, D. Webb Industries filed a motion for reconsideration. In that motion, D. Webb Industries raised the issue, for the first time, that the trial court could not award Chapter 38 attorney's fees against D. Webb Industries because it was a limited liability company. In its response to that motion, Permian argued, among other things, that D. Webb Industries had raised the attorney's fee issue untimely and that, in any event, the issue had been tried by consent. Permian also claimed that it was entitled to additional attorney's fees because it had to respond to D. Webb Industries' motion to reconsider.

This case comes to us in a somewhat unusual posture. The trial court did not simply deny the motion to reconsider. Rather, for all intents and purposes, it reheard the motion for summary judgment and entered a new summary judgment. In the usual circumstance, when a trial court considers a motion for new trial after entry of a summary judgment, the trial court is limited to a consideration of the matters already before it. "When a motion for new trial is filed after the summary judgment has been granted, the [trial] court may consider only the record as it existed prior to granting the summary judgment." *Parchman v. United Liberty Life Ins. Co.*, 640 S.W.2d 694, 696 (Tex. App.—Houston [14th Dist.] 1982, writ ref. n.r.e.).

In its second summary judgment, the trial court stated:

> CAME ON TO BE HEARD Plaintiff's Motion for Summary Judgment on rehearing at the request of Defendant, and the Court considered the pleadings on file, the evidence, the additional attorney fee affidavit presented in open court and filed thereafter, as well as

Defendant's objections to such affidavit and the arguments of counsel. The Court finds that the *Plaintiff's Motion for Summary Judgment* is well taken and, in all things, should be Granted.

Further, the trial court overruled "the Defendant's objections presented at the Summary Judgment Rehearing." The trial court also "Ordered that the Defendant's request on Motion for New Trial on the issue of attorney fees is DENIED."

The trial court then granted the same relief to Permian as it had granted in the original summary judgment. However, in the new summary judgment, the trial court awarded additional attorney fees to Permian in accordance with an affidavit that Permian filed during the rehearing. Permian alleged that the additional fees were incurred in connection with the motion for rehearing.

There can be only one final judgment in a case. *Archer Daniels Midland Co. v. Bohall*, 114 S.W.3d 42, 45 (Tex. App.—Eastland 2003, no pet.). Therefore, the later summary judgment is the judgment with which we are concerned in this appeal.

By the trial court's own words, the second judgment was based upon "the pleadings on file, the evidence, the additional attorney fee affidavit presented in open court and filed thereafter, as well as Defendant's objections to such affidavit and the arguments of counsel." The pleadings on file at the time that the last summary judgment was entered included D. Webb Industries' claim that the trial court could not assess Chapter 38 attorney's fees against D. Webb Industries. We hold that D. Webb Industries did not waive its objection to the award of attorney's fees.

Even if we are wrong on the waiver issue, "[s]ummary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.

1979); *accord McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (summary judgments must stand or fall on their own merits); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118–19 (Tex. App.—Houston [14th Dist.] 2007, no pet.). It was incumbent upon Permian, as movant, to establish its entitlement to attorney's fees; it did not. Because attorney's fees may not be awarded against a limited liability company under Chapter 38, Permian was not, as a matter of law, entitled to attorney's fees. We sustain D. Webb Industries' second issue on appeal.

Because we have sustained D. Webb Industries' second issue on appeal, we need not address its third and fourth issues on appeal.

We modify the judgment of the trial court to delete the award of attorney's fees. As modified, we affirm the trial court's judgment.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

August 20, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.