**SOUTHERN STATES LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Donald D. PAUL, Individually and Doing Business as Spearhead Productions Company, Appellee.**

No. 4339.

Court of Civil Appeals of Texas.

Waco.

April 15, 1965.

———◆———

DeLange, Hudspeth, Pitman & Klatz, Houston, for appellant.

Bill Hilford, Houston, for appellee.

WILSON, Justice.

A take-nothing judgment after a non-jury trial was rendered in appellant's suit for rentals alleged to be past due and unpaid in August, 1963. Defendant's pleading was a general denial.

The only evidence relating to appellee's indebtedness was that of the building manager whose employment as such ceased May 31, 1963. He testified appellee was a tenant from whom he collected rentals; that the rental was $400 per month; that he made attempts to collect rent from appellee every month, but was not successful in collecting that for April and May, 1963; that the April and May rent was not collected up to the time his employment terminated. "Subsequent to my tenure as building manager they could have been made, certainly."

This evidence, obviously, did not make out a case; but appellant argues that appellee "neither pleaded nor proved that he was entitled to any offsets or credits to any rental owed, or that any payment had been made thereon as required by Rules 94 and 95, Texas Rules of Civil Procedure." This is not a suit on a sworn account. Affirmative defenses in the nature of avoidance do not come into play until a prima facie case is established. The cited Rules do not impose the initial burden of proof as to plaintiff's case upon defendant.

Complaint is made of exclusion of an exhibit, not in the record, which appellant says is a check for $800 bearing appellee's signature payable to appellant's assignor as predecessor in interest, bearing the notation it is for office rent—April—

May, 1963, and which has "payment stopped" stamped on its face. The only proof offered concerning the exhibit was that appellee's signature appeared on it, and that appellant got it from its assignor "to evidence monies due" from appellee. The point does not reflect reversible error.

Affirmed.