## Newton C. VANCE, d/b/a Vanguard Production, Petitioner,

v.

## Jim R. HOLLOWAY, Respondent.

### No. C–3922.

Supreme Court of Texas.

April 3, 1985.

Rehearing Denied May 8, 1985.

PER CURIAM.

This is an appeal from a suit on a sworn account. The trial court held that Petitioner, Newton C. Vance, d/b/a Vanguard Production, was entitled to recover operating costs on the "Dawn" lease in which Respondent, Jim R. Holloway, owned a $\frac{1}{32}$ working interest. In an unpublished opinion, the court of appeals reversed and remanded, holding that Vance had failed to establish his ownership of the account. Pursuant to TEX.R.CIV.P. 483, we grant Newton C. Vance, d/b/a Vanguard Production's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The record established that Vance originally acquired an interest in the "Dawn" lease in 1981. The well was developed by and operating costs paid to M.F.B. Oil Company. In 1982, Vance acquired M.F.B. Oil Company's interest in the "Dawn" lease. Holloway owns a $\frac{1}{32}$ working interest in one of Vance's wells on this lease. Vance sued Holloway on a sworn account to recover the portion of operating expenses that Holloway owed to Vance as owner of M.F.B. Oil Company's interest in the "Dawn" lease.

The petition and affidavit filed by Vance clearly met the requirements of TEX.R.

CIV.P. 185. Holloway answered by way of an unverified general denial only. He failed to meet the requirements of TEX.R. CIV.P. 185 and 93(10) which state that a written denial of the plaintiff's action must be verified. The language of the rules is clear. TEX.R.CIV.P. 185 states:

... A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided however, that if he does not timely file a written denial, *under oath*, he shall not be permitted to deny the claim, or any item therein, as the case may be.... (Emphasis added).

Similarly, TEX.R.CIV.P. 93 provides:

A pleading setting up one of the following matters ... shall be verified by affidavit.

.     .     .     .     .

10. A denial of an account which is the foundation of the plaintiff's action, and is supported by affidavit.

"In the absence of a sworn denial meeting the requirements of the rule, an account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges...." *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979). Holloway failed to file a sworn denial and he has, therefore, waived his right to dispute the amount and ownership of the account. These facts, having been accepted by the trial court as prima facie evidence of the sworn account, entitle Vance to recovery.

Accordingly, we conclude that the decision of the court of appeals conflicts with the applicable rules of procedure and law of this court, hereinabove set forth. Without hearing oral argument, we grant Newton C. Vance, d/b/a Vanguard Production's application for writ of error, reverse the judgment of the court of appeals and affirm the judgment of the trial court. TEX.R.CIV.P. 483.