**Danny R. HUDDLESTON, Appellant,**

v.

**CASE POWER & EQUIPMENT CO., Appellee.**

**No. 05–87–00680–CV.**

Court of Appeals of Texas, Dallas.

March 25, 1988.

John O. MacAyeal, Dallas, for appellant.

Craig A. Bernstein, Dallas, for appellee.

Before DEVANY, STEWART and HECHT, JJ.

STEWART, Justice.

Danny R. Huddleston appeals the trial court's judgment awarding Case Power & Equipment Co. $21,988.28 in actual damages, prejudgment and postjudgment interest, and attorney's fees in its suit on a sworn account. In two points of error, Huddleston contends that the trial court erred in granting Case Power & Equipment Co. judgment on its pleadings and in denying Huddleston's motion for new trial. We disagree. Accordingly, we affirm.

The petition and affidavit filed by Case Power & Equipment Co. meet the requirements of rule 185 of the Texas Rules of Civil Procedure.[1] In response, Huddleston filed a verified original answer, stating in pertinent part:

> Defendants[2] deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition, say that same are untrue in whole or in part, and demand strict proof thereof, and of this put themselves upon the country.

At the trial the court granted Case Power & Equipment's motion for judgment on the pleadings without requiring it to prove its claim.

The only issue presented in this case is the sufficiency of Huddleston's written denial. The sufficiency of his affidavit is not before us. Huddleston characterizes his answer as a general denial. We agree. However, he argues that under the amendments effective April 1, 1984, a sworn general denial is sufficient to meet the requirement of a "written denial, under oath" in rule 185 and "a denial of an account ...," and supported by affidavit" in rule 93(10). He relies on *Vance v. Holloway*, 689 S.W.2d 403 (Tex.1985), a case in which the defendant filed only an unverified general denial in answer to plaintiff's suit on a sworn account. After quoting the new language of rules 185 and 93(10), the supreme court held that, because defendant failed to

---

1. Unless otherwise indicated, all references to rules refer to the Texas Rules of Civil Procedure.

2. Case Power & Equipment Co. originally also sued D & M Utilities, Inc., but later nonsuited the corporation.

file a sworn denial, he had waived his right to dispute the amount and ownership of the account. *Id.* at 404.

On the other hand, Case Power & Equipment contends that *Vance v. Holloway* is not conclusive on the question of whether a sworn general denial is sufficient under rules 185 and 93(10) because the court did not address what a "written denial" must contain under these rules, as amended. We agree that the supreme court did not reach this issue in the *Holloway* case. However, whether a sworn general denial is sufficient to require a plaintiff to prove his case under rule 185 is squarely before us here. For the following reasons, we conclude that a sworn general denial does not satisfy the requirements of either rule 185 or rule 93(10).

Case Power & Equipment argues that, even under the amended rule 185, a proper written denial must state that "each and every item is not just and true or that some specified item or items are not just and true." We disagree because, under the new rule, the plaintiff is not required to particularize or describe the nature of the component parts of his account or claim unless the defendant files special exceptions to plaintiff's pleadings which are sustained by the court. TEX.R.CIV.P. 185.

■ Since plaintiff no longer has to plead his claim with specificity, the defendant is in no position to deny each and every item of a sworn account claim or specific items therein. Accordingly, the new rule only requires that a person resisting a sworn account claim "file a written denial, under oath." *Id.* The supreme court stated in its explanatory note to the 1984 amendment of rule 185 that, "[t]he rule is rewritten so that suits on account will be subject to ordinary rules of pleading and practice." *Butterworth, Texas Rules of Civil Procedure* 70 (1984). Rule 91 provides for waiver of all pleading defects of form or substance in the absence of a written exception. Consequently, the person resisting a sworn claim likewise need not plead with specificity unless the plaintiff files special exceptions which are sustained by the court. However, we conclude that the plaintiff need not file special exceptions to avoid waiver of pleading defects unless the defendant's "written denial, under oath" is sufficient in the first instance to rebut plaintiff's affidavit in support of his suit on account.

■ First, we consider the nature of a general denial under general rules of pleading. A general denial only puts in issue matters pleaded by the adverse party which are *not* required to be denied under oath. TEX.R.CIV.P. 92 (emphasis added). Thus, a general denial, even if sworn to, does not put in issue matters which require a sworn denial. *Dorsaneo, Texas Litigation Guide,* § 70.132[1][a] (1984). Those matters require a special denial under oath. *Id.*

Rule 93 provides the most comprehensive listing of matters which must be denied under oath. *Id.* at § 70.132[1][b]. That rule provides that, when a pleading sets up any of the matters listed in the rule, the pleading must be verified by affidavit, unless the truth of the matters appear of record. Rule 93(10) applies specifically to actions brought under rule 185. Prior to the 1984 amendments the courts consistently held that a party resisting a suit on sworn account must comply with the provisions of both rule 185 and rule 93(k), the predecessor to rule 93(10). *Zemaco, Inc. v. Navarro,* 580 S.W.2d 616, 619–20 (Tex.Civ.App.—Tyler 1979, writ dism'd), and cases cited therein. The 1984 amendments did not affect this requirement, as evidenced by the supreme court's explanatory note under rule 93 as amended effective April 1, 1984: "Section 10 is changed to conform to amended Rule 185." *Butterworth, Texas Rules of Civil Procedure* 28 (1984). Thus, rule 93(10) is complementary to rule 185, but the former is more specific in that it requires, "a denial of an account which is the foundation of plaintiff's action."

■ Based on the foregoing, we hold that the "written denial, under oath" required under rule 185 must comply with rule 93(10), which requires a special verified denial of the account to put plaintiff's claim at issue. *Dorsaneo, supra,* at § 70.-132[1][a]; and *see* Hittner, "Summary Judgments in Texas," 22 HOUS.L.REV. 1109, 1113 (1985) (now sufficient to file a sworn answer denying the account which is the foundation of plaintiff's action); McConnico & Bishop, "Practicing Law With the 1984 Rules: Texas Rules of Civil Procedure Amendments Effective April 1, 1984," 36 BAYLOR L.REV. 73, 99 (1984) (now defendant may simply deny under oath that the account is correct).

■ Based on the foregoing authority, we hold that a sworn general denial is insufficient to rebut the evidentiary effect

of a proper affidavit in support of a suit on account under rule 185. In his sworn answer, Huddleston did not deny the account upon which Case Power & Equipment's claim is based. Therefore, the trial court did not err in rendering judgment in favor of Case Power & Equipment based on its pleadings or in denying Huddleston a new trial. We overrule Huddleston's two points of error.

The judgment is affirmed.