

# NUMBER 13-06-097-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE MARTINEZ, INDIVIDUALLY AND
D/B/A JM WELDING & IRON WORKS,                     Appellant,

v.

RIO GRANDE STEEL, LTD.,                            Appellee.

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellee, Rio Grande Steel, Ltd., filed suit on a sworn account. Rio Grande

Steel alleged that appellant, Jorge Martinez, individually and d/b/a JM Welding & Iron

Works, accepted materials and supplies from Rio Grande Steel and failed to pay. *See*

TEX. R. CIV. P. 185 (providing the procedure for an action on a sworn account). After

a bench trial, the trial court rendered judgment in favor of Rio Grande Steel. Martinez

filed a motion for new trial and an amended motion for new trial, which the trial court

denied. By five issues, Martinez contends that the trial court erred in rendering judgment in favor of Rio Grande Steel because (1) Rio Grande Steel failed to prove its case at common law after Martinez filed a sworn denial, (2) the trial court denied admission of evidence offered by Martinez, (3) the trial court granted summary judgment in favor of Rio Grande Steel without notice, (4) the trial court denied Martinez's motion for continuance, and (5) the trial court denied Martinez's motion for new trial. We affirm.

## I. Background

In its first amended original petition, Rio Grande Steel alleged that between October 31, 2002 and February 18, 2003, Martinez requested, and Rio Grande Steel provided, materials and supplies on twenty-eight different occasions. Rio Grande Steel asserted, based on the invoices filed with its petition, that Martinez owed it $16,150.30. Attached to the invoices was an affidavit from Mirta Guajardo, Rio Grande Steel's account manager. Guajardo declared that, after all lawful offsets, $15,971.20 remained due and owing by Martinez. The affidavit further stated that Rio Grande Steel had paid attorney's fees in the amount of $3,000 plus court costs.

When the trial court called the case to trial, Martinez requested leave of court to file a verified denial. Upon Rio Grande Steel's objection that the denial was not timely filed, *see* TEX. R. CIV. P. 185, Martinez's request was denied. Rio Grande Steel then offered into evidence Guajardo's affidavit with invoices attached, a demand letter to Martinez from Rio Grande Steel, and the contract terms. After Rio Grande Steel presented its evidence, the trial court gave Martinez leave to file a verified denial and granted Rio Grande Steel's running objection to its filing.

2

At trial, Martinez testified that he did not owe the amount claimed and, in fact, believed he had overpaid on the account. To support this argument, Martinez offered a series of checks. Rio Grande Steel objected claiming that the checks were not relevant because Martinez could not "tie [each check] in to a particular invoice." The trial court sustained the objection. Martinez then testified that he paid Rio Grande Steel "like $20,000, which [he] did not think [he] owed." Martinez requested that Guajardo be permitted to testify. The trial court denied the request explaining that it had "already made a ruling on the documents that were admitted into evidence as a sworn account. The affidavits are the evidence that the Court is going to consider."

Following the bench trial, the trial court signed and entered judgment in favor of Rio Grande Steel. The judgment provided that "[t]he court, having reviewed the pleadings on file and after considering the evidence and arguments of counsel is of the opinion that plaintiff should recover from defendant on sworn account, the amount of $15,971.20 as plead in the First Amended Petition on file." The trial court also awarded $5,165.52 in pre-judgment interest on the account, attorney's fees of $3,500, post-judgment interest as allowed by law, and court costs in the amount of $225.

Martinez timely filed a motion for new trial and a first amended motion for new trial. The motion was set for hearing on January 23, 2006. Because the transcript of the trial could not be completed prior to that date, Martinez filed a motion for continuance asking the trial court to reset the hearing. At the January 23 hearing, the trial court denied Martinez's motion for continuance and overruled his motion for new trial. This appeal ensued.

## II. Sworn Denial and Proof of Claim

By his first issue, Martinez contends that the trial court erred in rendering judgment for Rio Grande Steel because the court based its judgment on the pleadings alone even though Martinez had filed a verified denial. In his denial, Martinez stated, "I have been sued personally and as owner of JM Welding, in this case. I deny every allegation in the lawsuit as regards amounts [sic] that I allegedly owe Rio Grande Steel." Martinez alleges that this sworn denial was sufficient to bring into dispute the allegations in the petition, thus destroying the evidentiary effect of Rio Grande Steel's pleadings. We disagree.

## A. Applicable Law

Rule 185 of the Texas Rules of Civil Procedure sets out the criteria for a suit on account and defines an open account as "any claim for . . . materials furnished." *See* TEX. R. CIV. P. 185. This "is a rule of procedure regarding the evidence necessary to establish a prima facie right of recovery." *Panditti v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.). An open account "on which a systematic record has been kept and is supported by an affidavit" is prima facie evidence of a claim. *Id.* A plaintiff claiming a suit on a sworn account is not required to formally introduce the account as evidence of the debt. *Brown Found. Repair & Consulting, Inc. v. Friendly Chevrolet Co.*, 715 S.W.2d 115, 116 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). This evidentiary presumption can be destroyed and the plaintiff forced to introduce proof of its claim, when a defendant files a sworn denial of the plaintiff's account supported by an affidavit denying the account as required by rule 93(10). *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Roberts Express, Inc. v. Expert Transp., Inc.*, 842 S.W.2d 766, 770 (Tex. App.–Dallas 1992, no writ)); *see* TEX. R. CIV. P. 93(10).

A sworn general denial, however, does not constitute a denial of the account. *Andrews v. East Tex. Med. Ctr.–Athens*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ)*; Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d 102, 103-04 (Tex. App.—Dallas 1988, no writ). The defendant's written denial must state more than a "broad generalization that he 'specially denies' each and all of the allegations . . . [and must] address the facts on which he intends to rebut the plaintiff's affidavit." *Andrews*, 885 S.W.2d at 268.

## B.  Analysis

Martinez's written denial did not comply with Texas Rule of Civil Procedure 93(10), which "requires a special verified denial of the account to put plaintiff's claim at issue." *Huddleston*, 748 S.W.2d at 103; *see* Tex. R. Civ. P. 93(10). Martinez merely denied "every allegation in the lawsuit." This general denial did not constitute a denial of the account, and so it was not sufficient to rebut the evidentiary effect of Rio Grande Steel's pleadings. *See Huddleston*, 748 S.W.2d at 103-04; *Andrews*, 885 S.W.2d at 267.

Moreover, even had Martinez filed a sworn denial that complied with rule 93(10), the record reflects that the trial court admitted evidence of the account and allowed Martinez to testify. Because Rio Grande Steel formally introduced the account as evidence of the debt, Martinez's argument that the trial court was precluded from rendering judgment merely on Rio Grande Steel's pleadings fails. *See Panditti*, 180 S.W.3d at 926; *Friendly*, 715 S.W.2d at 116.

We conclude the trial court did not err in entering judgment against Martinez. We overrule Martinez's first issue.

## III.  Excluded Evidence

5

By his second issue, Martinez complains that the trial court erred in excluding relevant evidence and testimony. He argues that copies of his checks, which the trial court excluded, would have shown that he was not given all credits due to him. Martinez further asserts that the trial court erred when it denied him the opportunity to call Guajardo to testify.[1]

## A. Standard of Review

When reviewing a trial court's admission or exclusion of evidence, we reverse only if the trial court abused its discretion. *Owens Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules or principles. *Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In order for an appellate court to determine whether the trial court should not have excluded the evidence, the complaint must first be preserved for review. *Perez v. Lopez*, 74 S.W.3d 60, 66 (Tex. App.—El Paso 2002, no pet.). Error may not be predicated upon a ruling that excludes evidence unless, "the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2); *see* TEX. R. APP. P. 33.1(a)(1); *Weng Enters., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 221 (Tex. App.—Houston [1st Dist.] 1992, no pet.). If the excluded evidence is not apparent from the context of the record, it must be presented by a timely offer of proof, or by a formal bill of exception. *See* TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2. An offer of proof must be made to the court and preserved in the reporter's record. *Fletcher*

---

[1]Although this contention is presented as part of Martinez's first issue, we address it as part of Martinez's second issue wherein he complains of the trial court's failure to admit evidence.

*v. Minn. Mining and Mfg. Co.*, 57 S.W.3d 602, 607 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Without an offer of proof, the appellate court cannot determine whether the exclusion of the evidence was harmful. *Perez*, 74 S.W.3d at 66-67; *see Weng*, 837 S.W.2d at 221.

During Martinez's testimony, his attorney offered copies of fifteen checks from Martinez to Rio Grande Steel as evidence that certain payments were not credited on the account. Rio Grande Steel objected to the checks as irrelevant because Martinez was unable to connect the checks to the specific invoices at issue. The trial court sustained Rio Grande Steel's objection. Martinez's counsel generally explained that the checks showed that Martinez made payments during the months the invoices were issued.

Assuming that Martinez preserved error, the trial court did not abuse its discretion in excluding the checks as irrelevant. *See Owens Corning Fiberglass Corp.*, 972 S.W.2d at 43. Evidence is relevant if it has any tendency to make consequential facts more or less probable. TEX. R. EVID. 401. Here, Martinez explained, during voir dire, that he could not make a correlation between the fifteen checks he offered and the twenty-eight invoices at issue. He testified that he did business with Rio Grande Steel all year and there were more than twenty-eight transactions with many checks written to cover all of the invoices for the year. Therefore, the checks do not make the consequential fact that he paid the particular invoices at issue more or less probable. *See id.* Therefore, the trial court did not act arbitrarily or unreasonably without reference to guiding rules or principles. *Downer*, 701 S.W.2d at 241-42.

Similarly, Martinez complains of the exclusion of Guajardo's testimony. However, Martinez did not make an offer of proof. *See id.* at 67 (explaining that when

7

a trial court excludes testimony, the complaining party must make an offer of proof showing what the witness's testimony would have been).  Without an offer of proof, we cannot determine whether exclusion of the testimony was harmful and, thus, whether the trial court abused its discretion.  *Id.*; *see Weng*, 837 S.W.2d at 221.  We overrule Martinez's second issue.

## IV.  Summary Judgment

In his third issue, Martinez argues that the judgment of the trial court, rendered upon pleadings alone, was tantamount to a grant of summary judgment and that he was not afforded the required notice of Rio Grande Steel's intent to obtain such judgment.  We are not persuaded by this argument.

As Martinez acknowledged in his motion for new trial, "[t]he case was set for trial December 8, 2005."  Moreover, the record shows that the trial court did, in fact, call the case for trial on that date, and it did admit evidence and testimony during the course of the trial.  Therefore, the trial court did not render judgment upon the pleadings alone.  We cannot conclude that this is equivalent to the grant of summary judgment as Martinez argues.  We overrule Martinez's third issue.

## V.  Motion for Continuance of Hearing on Motion for New Trial

By his fourth issue, Martinez complains that the trial court erred in denying his motion to continue the hearing on his first amended motion for new trial.  Martinez's counsel's affidavit, attached and incorporated into his motion for continuance, stated he was advised that the court reporter could not prepare the transcript of the proceedings before the hearing date.  The affidavit further sets out that review of the transcript was crucial to the effective presentation of the motion for new trial.  However, the affidavit failed to explain how and why the trial transcript was crucial.

8

Therefore, the trial court did not abuse its discretion in denying the motion because the affidavit did not provide sufficient cause for the continuance.[2] *See* TEX. R. CIV. P. 251 (providing that a motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (explaining that the decision to grant or deny a motion for continuance is within the trial court's sound discretion); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002) ("Based on the record, we cannot conclude that the trial court abused its discretion in overruling Marchand's objection to the special appearance hearing and denying his motion for a continuance to conduct further discovery.").

## VI. Motion for New Trial

By his fifth issue, Martinez contends that the trial court erred in denying his motion for new trial. Specifically, Martinez asserts the trial court acted unreasonably by not "giving due consideration to the arguments put forth as grounds for new trial, by not reviewing all of the authorities appended to the motions, and by giving no consideration whatsoever to the precedents and other authorities presented in open court."

A trial court has discretion in denying or granting a new trial, and we will only disturb its decision for an abuse of discretion. *Brandt v. Surber*, 194 S.W.3d 108, 133 (Tex. App.—Corpus Christi 2006, pet. filed) (*citing Brown v. Hopkins*, 921 S.W.2d 306, 311 (Tex. App.—Corpus Christi 1996, no writ)). It is an abuse of discretion when the record clearly shows that the trial court's decision was arbitrary and unreasonable. *Id.* (*citing Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)).

---

[2] Martinez argues that the trial court should have granted the continuance based on sufficient cause, not on consent or operation of law.

9

Martinez acknowledges that the trial court stated that it "did review most of the authority," yet complains that the trial court did not consider all of the authority he offered in support of his motion. However, the trial court had the motion for new trial and its supporting authority before it and allowed argument from both parties. Martinez offers no authority supporting his allegation that because the trial court may not have read all of the cases presented to him it did not give due consideration to his arguments, precedents and other authorities presented in open court. Moreover, after Martinez explained that he presented additional authority for his motion, the trial court stated, "and I am considering your request, sir." Martinez's assertions do not clearly show that the trial court's decision to deny his motion for new trial was arbitrary and unreasonable. *Brandt*, 194 S.W.3d at 133; *see also* TEX. CODE JUD. CONDUCT, Canon 3 (setting out the standards for the performance of judicial duties). We conclude that the trial court did not abuse its discretion in denying Martinez's motion for new trial. *Brandt*, 194 S.W.3d at 133. We overrule Martinez's fifth issue.

## VII. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 13th day of March, 2008.

10