

# NUMBER 13-20-00215-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAMIRO VILLARREAL,                                                      Appellant,

v.

RODNEY MYERS D/B/A I-69 TOWING
AND HAROLD WAITE, INDIVIDUALLY
AND D/B/A LA FERIA WRECKER SERVICE,            Appellees.

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Silva**

This case concerns a small claims petition filed in the justice of the peace court, wherein appellant Ramiro Villarreal alleged he had been unpaid for his work towing vehicles for appellees Rodney Myers d/b/a I-69 Towing and Harold Waite, individually

and d/b/a La Feria Wrecker Service. The justice of the peace court issued a take-nothing judgment in favor of appellees, and Villarreal appealed to the county (trial) court, which also awarded judgment for appellees.

By five issues which we have reorganized below, Villarreal claims the trial court (1) failed to grant his motion for continuance; (2) failed to grant his motion for new trial based on the court's denial of his motion for continuance; (3) "allow[ed] the [a]ppellees to deny, by filing a general denial, an account of which is the foundation of [Villarreal's] cause of action in violation" of the rules of civil procedure; (4) provided unauthorized relief based on appellees' unpleaded affirmative defenses; and (5) committed cumulative error. We affirm.

## I.    BACKGROUND

The justice of the peace court issued its judgment on October 4, 2018, and Villarreal timely appealed to the trial court. On November 7, 2018, the trial court issued a setting for a bench trial scheduled for December 13, 2018. Appellees filed a "First Amended Original Answer" on November 16, 2018, raising a statute of limitations affirmative defense.

On December 12, 2018, the day before trial, Villarreal filed a motion for continuance, requesting more time to conduct discovery and citing the Texas Rules of Civil Procedure and the Texas Rules of Judicial Administration in support. *See* TEX. R. CIV. P. 245 ("The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties."); TEX. R. JUD. ADMIN.

2

6.1(a)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (civil nonjury case time standards). The trial court granted Villarreal's motion for continuance and reset the bench trial for May 16, 2019.

On May 13, 2019, Villarreal filed his second motion for continuance, reasserting his right under the rules to have "12 months measured from the date of the answer" to prepare for trial and arguing that he had not received a copy of appellees' motion to strike answers to requests for admissions.[1] Villarreal additionally argued that the trial court had yet to rule on appellees' motion and that its ruling may "have a direct impact on the final outcome of the case." After a hearing on May 14, 2019, the trial court denied appellees' motion and granted Villarreal's request for continuance. The case was reset for a bench trial on May 30, 2019.

On May 29, 2019, Villarreal filed his third written motion for continuance, stating his counsel was going to be in trial in a neighboring county. Villarreal's motion was verified and supported by an affidavit by his counsel. The next day, the trial court acknowledged on the record that he had received Villarreal's motion for continuance, denied the motion, and proceeded with the bench trial without Villarreal or his counsel present.[2] Following testimony from Myers and Waite, the trial court issued a judgment in favor of appellees.

---

[1] Appellees' motion to strike was filed April 11, 2019. Villarreal filed a response on April 18, 2019.

[2] Villarreal was not identified as present in the reporter's record. Moreover, prior to the commencement of proceedings, the trial court stated: "Plaintiffs? Not here? All right." The trial court's judgment further states that "[p]laintiff, though notified of the trial setting, failed to appear." However, on appeal, Villarreal claims he was present at the trial and submits an affidavit in support thereof. Villarreal's affidavit appears only as an appendix to his brief, and therefore, it cannot be considered as evidence on appeal. *See* TEX. R. APP. P. 34.1; *Hall v. Green Ridge Townhouse Homeowners Ass'n*, 635 S.W.3d 697, 701 (Tex. App.—Texarkana 2021, pet. denied) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be

On June 14, 2019, Villarreal filed a motion for new trial, asserting that his counsel had been "in trial from May 28, 2019[,] until May 30, 2019" in an unrelated criminal cause,[3] and the "continuance should have been granted as a matter of law." Villarreal raised no other grounds for a new trial. Attached to the motion was an affidavit by counsel and an exhibit from counsel's Willacy County criminal case. The exhibit indicated that the trial court in the criminal case had instructed the jury to continue deliberating and contained a time and date stamp of May 30, 2019, at 3:36 p.m. Following a hearing on Villarreal's motion, the trial court denied the motion.

This appeal followed.

---

considered." (quoting *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.))); *see also Pauliono v. Brownsville TX E. Price Big 22 LLC*, No. 13-19-00554-CV, 2021 WL 727384, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, no pet.) (mem. op.) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal." (quoting *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.))).

Appellees' brief also states that Villarreal was present at trial and urges this Court to adopt this fact as true. Although we have discretion to accept uncontradicted statements made in the briefs as true, we decline to do so where the statement would be in direct conflict with information in the clerk's record and reporter's record. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them. *The statement must be supported by record references*.") (emphasis added); *see also Tran v. Nguyen*, 480 S.W.3d 119, 127 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (declining to accept an uncontradicted statement in a brief as true when it was not supported by record references); *White v. Corpus Christi Little Misses Kickball Ass'n*, 526 S.W.2d 766, 769 (Tex. App.—Corpus Christi–Edinburg 1975, no writ) ("The record in this case does not justify our acceptance of plaintiff's statements in his brief 'as to facts' as being correct.").

[3] Neither the motion for continuance nor attached affidavit explicitly stated that counsel's conflicting setting was for a criminal matter; Villarreal's counsel did not provide the case style for the conflicting setting in his motion for continuance as he did in his motion for new trial. *See generally* TEX. GOV'T CODE ANN. § 23.101 (establishing preferential priority in trial courts for criminal actions); TEX. CODE CRIM. PROC. ANN. art. 32A.01 ("Insofar as is practicable, the trial of a criminal action shall be given preference over trials of civil cases.").

## II.    MOTION FOR CONTINUANCE

By his first issue, Villarreal asserts the trial court abused its discretion in failing to grant his third motion for continuance.

## A.    Standard of Review and Applicable Law

"When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A court abuses its discretion by acting unreasonably or in an arbitrary manner without reference to any guiding rules and principles. *Joe*, 145 S.W.3d at 161.

A trial court may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. When a continuance is sought because of the unavailability of counsel, we apply Texas Rule of Civil Procedure 253. *See id.* R. 253; *In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Rule 253 states:

> Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

TEX. R. CIV. P. 253. Generally, a trial court's denial of a motion for continuance due to unavailability of counsel will be undisturbed on appeal where a record supports skepticism of counsel's true unavailability or the record is silent regarding whether the conflicting settings had been avoidable or why counsel had not taken earlier steps to make the trial court aware of the conflicting settings. *See R.M. Dudley Constr. Co. v. Dawson*, 258

5

S.W.3d 694, 701 (Tex. App.—Waco 2008, pet. denied) (concluding no abuse of discretion in denying motion for continuance where the "record does not show the efforts, if any, taken" by the attorney to have the conflicting proceeding reset and there was "no explanation why the motion for continuance was filed . . . on the day before trial"); *In re K.A.R.*, 171 S.W.3d 705, 711 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding same and noting that appellant's attorney failed to notify the trial court of a conflicting setting as soon as she became aware "which was no later than" the date she received notice of the trial court's order setting case for trial); *Chandler v. Chandler*, 536 S.W.2d 260, 262 (Tex. App.—Corpus Christi–Edinburg 1976, writ dism'd) (concluding same where appellant's attorney cited unavailability due to previously scheduled conflicting setting and submitted documented proof); *see also Hontanosas v. Hontanosas*, No. 13-08-00309-CV, 2012 WL 432642, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2012, no pet.) (mem. op.) (concluding same where attorney claimed unavailability due to being out of state); *Sikes v. Sikes*, No. 11-08-00296-CV, 2010 WL 2112809, at *2 (Tex. App.—Eastland May 27, 2010, no pet.) (mem. op.) (concluding same and observing that where "the record supports the court's skepticism" based on counsel's failure to attend to prior hearings, "the trial court did not act in an arbitrary or unreasonable manner" in denying appellant's request for continuance based on attorney unavailability).

## B.    Analysis

Villarreal's second motion for continuance was filed on May 13, and the trial court's order granting the continuance, signed on May 14, scheduled the case for a bench trial on May 30, 2019. It was not until the day before trial that Villarreal filed his third motion

6

for continuance and made his counsel's impending absence and related reason known. *See* TEX. R. CIV. P. 251, 253. Though it is unapparent from Villarreal's motion for continuance when Villarreal became aware of the conflicting settings, it presumably occurred before May 29, when counsel claimed he was in the middle of trial elsewhere, and it was incumbent upon Villarreal to promptly notify the trial court of the conflicting settings. *See Dawson*, 258 S.W.3d at 701; *see also* Cameron County (Tex.) DIST. & CNTY. CT. LOC. R. 1.13(c) (requiring that "[a]t the time of announcements, counsel shall . . . advise the judge of anticipated conflicting engagements during the week of trial that may affect counsel's ability to attend trial"); *In re W.A.B.*, No. 14-18-00181-CV, 2019 WL 2181205, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2019, no pet.) (mem. op.) (considering local rule requirements in its analysis of whether the trial court abused its discretion in denying counsel's request for continuance based on a conflicting setting). Villarreal's motion provided no explanation for his late filing and did not state what, if any, preparatory measures had been taken to avoid the conflict. *See Dawson*, 258 S.W.3d at 701; *In re K.A.R.*, 171 S.W.3d at 711.

Moreover, although this was Villarreal's third motion for continuance before the trial court, the record reflects that it was Villarreal's eighth motion for continuance since the case's inception. *See Joe*, 145 S.W.3d at 161; *see also In re J.G.*, No. 12-18-00111-CV, 2018 WL 5318008, at *2 (Tex. App.—Tyler Oct. 29, 2018, pet. denied) (mem. op.) ("When considering a motion for continuance, the trial court may take into account the entire procedural history of the case."). Villarreal filed motions requesting continuances on February 8, 2018, March 16, 2018, July 25, 2018, August 16, 2018, and October 3,

7

2018. The motions filed between February and August 2018 alleged the following causes for continuance: (1) he requested additional time to conduct discovery; (2) "Plaintiff's [counsel] has been on a trip, [sic] father's funeral will be going to a much needed vacation"; and (3) "Plaintiff has been given by gift a trip to Italy and Israel that had been planned over a month ago by the donor." The basis for Villarreal's October motion for continuance, filed on the eve of trial in the justice court, was counsel's purported unavailability due to a "scheduling conflict."[4]

Appellees state that the trial court could have reasonably surmised that Villarreal's May 29 motion for continuance was filed as "a tactic designed to harass [appellees]" based on the procedural history of the case. Appellees note specifically that: (1) Villarreal had previously filed "a last-minute motion for continuance followed up by the attorney's failure to appear" in the justice of the peace court; and (2) Villarreal's motion for continuance preceding the May 29, 2019 continuance by two weeks was untenable.[5] We agree with appellees. The trial court's skepticism of counsel's unavailability may also be observed in its opening statement to the parties: "Plaintiffs? Not here? All right. First witness? I've got a Motion for a Continuance from [Villarreal's counsel], but I've already

---

[4] The record indicates that Villarreal's counsel was not present for trial on October 4, 2018, in the justice of the peace court. Villarreal was in attendance but presented no evidence.

[5] Villarreal argued in his May 13, 2019 motion for continuance that he had a right to have "12 months measured from the date of the answer" to prepare for trial under the Texas Rules of Judicial Administration. The rule, however, provides that civil nonjury matters should be brought to trial or final disposition "[w]ithin 12 months from *appearance date*." TEX. R. JUD. ADMIN. 6.1(a)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (emphasis added). Villarreal also claimed he had not received a copy of appellees' outstanding motion where he had already filed a response one month prior.

been there done that with him. I'm not granting it. It's going to be denied." *See Joe*, 145 S.W.3d at 161.

For these reasons, we conclude that the trial court's denial of Villarreal's motion for continuance was not made "unreasonably or in an arbitrary manner without reference to any guiding rules and principles." *See id.* We overrule Villarreal's first issue.

### III. MOTION FOR NEW TRIAL

By his second issue, Villarreal argues the trial court erred in denying his "motion for new trial even when [his] attorney testified that he could not be present for the trial due to his [attorney] having to be in a trial on a criminal case in a district court in another county and had not been allowed to leave the criminal trial."

We also review a trial court's denial of a motion for new trial for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (per curiam). As stated above, a trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to guiding rules and principles. *See Joe*, 145 S.W.3d at 161; *see also Sanchez v. Garcia*, No. 13-05-557-CV, 2006 WL 2076752, at *3 (Tex. App.—Corpus Christi–Edinburg July 27, 2006, pet. denied) (mem. op.) ("The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay.").

As a preliminary matter, we address Villarreal's assertion that the trial court "grant[ed] a final default judgment." If what is before the trial court on a motion for new trial is a request that the trial court set aside a default judgment, then the trial court's

9

discretion is "limited," and the application of a multipart test is necessary. *Sandoval*, 619 S.W.3d at 721 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). Generally, Texas recognizes two types of default judgments: (1) no-answer judgment "caused by a defendant's failure to answer after service," and (2) post-answer judgment "caused by a defendant's failure to appear for trial after answering a suit." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 (Tex. 2012) (observing that "default judgments may generally be categorized as pre- or post-answer" but "other variations exist"). Irrespective of the type of default judgment before a court, the "critical question" when a default judgment is attacked by a motion for new trial is: "Why did the defendant not appear?" *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (per curiam) (quoting *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)). It is clear from a review of our jurisprudence and the rules of civil procedure that "default judgments" concern a defendant's default—not a plaintiff's. *See* TEX. R. CIV. P. 239, 239a, 241; *Milestone Operating*, 388 S.W.3d at 309; *Paradigm Oil*, 372 S.W.3d at 183–84.

Villarreal cites no caselaw, and we have found none, concerning the review of a motion for new trial on a "default judgment" where the plaintiff was the absentee party. We observe that the lack of caselaw likely stems from the "well-establish[ed] rule" that a trial court cannot issue a judgment adjudicating the merits where a plaintiff fails to appear. *Smock v. Fischel*, 207 S.W.2d 891, 892 (Tex. 1948) ("It is a well-establish[ed] rule that when a plaintiff fails to appear and prosecute his case, the court can[]not try the plaintiff's cause of action, but the only remedy is to dismiss the same."); *see also In re J.D.F.*, No.

10

13-13-00337-CV, 2014 WL 1514227, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2014, pet. denied) (mem. op.) (observing the rule in dicta); *Tewell v. Tewell*, 599 S.W.2d 351, 354 (Tex. App.—Corpus Christi–Edinburg 1980, writ ref'd n.r.e.) (observing an exception to rule when the defendant files a counterclaim). If a plaintiff does not appear "for any hearing or trial of which the party had notice," the appropriate avenue to resolve the case in favor of the defendant is a dismissal without prejudice for want of prosecution, and a plaintiff may challenge a trial court's dismissal by filing a motion to reinstate. TEX. R. CIV. P. 165a; *see Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (reviewing a trial court's refusal to reinstate a case following its dismissal for want of prosecution based on an attorney's failure to appear); *see also Dolenz v. Pirate's Cove Water Supply & Sewage Serv. Corp.*, No. 13-99-740-CV, 2001 WL 1002434, at *1 (Tex. App.—Corpus Christi–Edinburg June 28, 2001, pet. denied) (mem. op., not designated for publication) (concluding that "[a] trial court may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss for want of prosecution").

In any event, the "operative standard" for reviewing a case dismissed for want of prosecution is "essentially the same as that for setting aside a default judgment." *Smith*, 913 S.W.2d at 468; *see Garcia v. Barreiro*, 115 S.W.3d 271, 277 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). The party seeking new trial or reinstatement of a case dismissed for want of prosecution "has the burden and must provide some proof of an adequate justification for the failure [to appear] that negates intent or conscious indifference." *Gillis v. Harris County*, 554 S.W.3d 188, 194 (Tex. App.—Houston [14th

Dist.] 2018, no pet.) (citing *Smith*, 913 S.W.2d at 468); *see Sutherland*, 376 S.W.3d at 755. If the dismissal order "does not state the grounds on which it was granted," a plaintiff seeking reinstatement must also show that they were diligent in prosecuting suit against the defendant. *See Henderson v. Blalock*, 465 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also De La Garza v. Ramirez*, No. 13-12-00711-CV, 2015 WL 2159941, at *3 (Tex. App.—Corpus Christi–Edinburg May 7, 2015, pet. denied) (mem. op.) (concluding trial court did not err in refusing to reinstate appellant's case where dismissal occurred following plaintiff's counsel's absence at trial in part because the plaintiff "submitted no evidence of diligence in his motion to reinstate"). Villarreal's motion for new trial and related argument on appeal is simply a reprise of his motion for continuance, already discussed *supra*, and the trial court's order denying Villarreal's motion for new trial does not specify the grounds for its denial. Villarreal provided no argument or evidence of diligence in prosecution. *See Henderson*, 465 S.W.3d at 323; *see also De La Garza*, 2015 WL 2159941, at *3. And although Villarreal characterizes the trial court's judgment as a "default judgment," Villarreal does not cite to *Craddock* or its progeny or provide an analysis of the three factors utilized in reviewing a motion for a new trial in either his motion or on appeal. *See Craddock*, 133 S.W.2d at 126.

We acknowledge the unusual procedural predicate before us. Nonetheless, Villarreal did not address or produce evidence under any applicable standard to avail himself to any relief. Under these facts, the trial court did not abuse its discretion in denying Villarreal's motion for new trial. *See Joe*, 145 S.W.3d at 161. We overrule Villarreal's second issue.

12

## IV.    Sworn Account

By Villarreal's third issue, he argues appellees' unverified general denial was insufficient to meet the pleading requirements under Rule 93 in response to his sworn account; therefore, Villarreal was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 93(10); *see also Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

### A.    Standard of Review and Applicable Law

"A suit on a sworn account is not an independent cause of action." *Sherrard v. SignAd, Ltd.*, 637 S.W.3d 192, 201 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Rather, it is a mechanism under the Texas Rule of Civil Procedure which affords a plaintiff "a procedural right of recovery in certain contract disputes." *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 353 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Salazar v. Delta Rest. Supply Co.*, No. 13-02-448-CV, 2003 WL 21706018, at *1 (Tex. App.—Corpus Christi–Edinburg July 24, 2003, no pet.) (mem. op.). Rule interpretation is a question of law over which the trial court has no discretion, and "which we review de novo by applying the same canons of construction applicable to statutes." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015).

Texas Rules of Civil Procedure 185 and 93(10) govern a suit for debt on sworn account. Rule 185 provides as follows:

> When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, *and is supported by the affidavit of the party, his agent or attorney*

13

taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be . . . .

TEX. R. CIV. P. 185 (emphasis added).

Rule 93 requires, in relevant part, that "[a] denial of an account which is the foundation of the plaintiff's action" "shall be verified by affidavit." TEX. R. CIV. P. 93(10); *see Day Cruises Mar., L.L.C. v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 55 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied) (observing that "Rule 93(10), applicable to the denial of a sworn account, does not permit verification based on 'information and belief'; rather, it requires verification unqualifiedly based on the affiant's personal knowledge"). "A sworn general denial does not constitute a denial of the account and is insufficient to remove the evidentiary presumption created by a properly worded and verified suit on an account." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 833 (Tex. App.—Dallas 2014, no pet.).

In other words, where a plaintiff presents prima facie sworn evidence of an account pursuant to Rule 185, the defendant must file a proper verified denial if it wishes to challenge the validity or amount of the account. *See* TEX. R. CIV. P. 185. Where a defendant fails to do so, he will not be permitted to dispute the receipt of the services or the correctness of the charges, and the plaintiff is entitled to recovery. *Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985) (per curiam); *see Cont'l Carbon Co. v. Sea-Land Serv.,*

14

*Inc.*, 27 S.W.3d 184, 190 (Tex. App.—Dallas 2000, pet. denied) ("A defendant who fails to file a written denial under oath in a suit on a sworn account shall not be permitted to deny the claim, or any item therein."). Conversely, where a plaintiff does not strictly comply with Rule 185, a defendant is not required to file a verified denial. *See Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("In the absence of a proper Rule 185 affidavit establishing the account, Hou–Tex was under no obligation to file the denial required by Rule 185."); *see also Meza Sierra Enters., Inc. v. Kingdom Fresh Produce, Inc.*, No. 13-13-00119-CV, 2016 WL 5941890, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 13, 2016, no pet.) (mem. op.) (concluding that where a plaintiff's "affidavit does not strictly comply with rule 185 because it did not state that the claim was within his knowledge and just and true . . . the claim is not supported by prima facie evidence of the debt, [and] [the defendant] was not required to file a verified denial").

## B.    Analysis

Villarreal is correct in that appellees only asserted a general unverified denial in response to Villarreal's petition. However, Villarreal did not comply with the affidavit requirement of rule 185. *See* TEX. R. CIV. P. 185. The record contains no affidavit attached to Villarreal's petition. *See id.*; *see also Meza Sierra Enters.*, 2016 WL 5941890, at *3. Therefore, we conclude appellees' failure, if any, to file a verified denial in response is of no import. *See Marbach*, 862 S.W.2d at 190; *see also Salazar v. Delta Rest. Supply Co.*, No. 13-02-448-CV, 2003 WL 21706018, at *1 (Tex. App.—Corpus Christi–Edinburg July 24, 2003, no pet.) (mem. op.) (concluding that where plaintiff "did not establish a prima

15

facie case in its petition, we need not examine whether [the defendant's] answer was sufficient under rule 185"). We overrule Villarreal's third issue.

## V.  AFFIRMATIVE DEFENSES

Villarreal contends by his fourth issue that the trial court erred in granting relief based on the unpleaded affirmative defenses of "no contract" or "payment." *See* TEX. R. CIV. P. 94, 95.

### A.  Standard of Review and Applicable Law

Texas Rule of Civil Procedure 94 requires a party to plead affirmatively those affirmative defenses listed in the rule "and any other matter constituting an avoidance or affirmative defense." TEX. R. CIV. P. 94; *Zorrilla*, 469 S.W.3d at 155. "[A]n affirmative defense is by nature one of confession and avoidance and 'does not seek to defend by merely denying the plaintiff's claims, but rather seeks to 'establish an independent reason why the plaintiff should not recover.'" *Dixie Carpet Installations, Inc. v. Residences at Riverdale, LP*, 599 S.W.3d 618, 631 (Tex. App.—Dallas 2020, no pet.) (quoting *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996)). Stated differently, an affirmative defense is one which "defeats the plaintiff's claim without regard to the truth of the plaintiff's assertions." *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 485 (Tex. 2016) (quoting *Zorrilla*, 469 S.W.3d at 156).

Rule 95 governs payment as an affirmative defense. TEX. R. CIV. P. 95; *see Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex. 2008). Rule 95 requires a defendant raising the affirmative defense of payment to "file with his plea an account stating distinctly the nature of such payment." TEX. R. CIV. P. 95. If a defendant fails to do so, "he shall not

16

be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." *Id.*

An affirmative defense not properly raised in pretrial pleadings is generally waived. *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136–37 (Tex. 2014); *see* TEX. R. CIV. P. 94; *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 443 (Tex. 1993) (observing exceptions where the unpleaded affirmative defense is tried by consent); *see also Moreno v. Ocadiz*, No. 13-19-00116-CV, 2021 WL 3085855, at \*5 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.) (cautioning that trial by consent "is the exception, not the rule, and should not be allowed in doubtful cases").

## B.    Analysis

Villarreal's petition asserted that the appellees owed him $9,000 in employment-related fees. It is undisputed that appellees' answer provided a general denial and did not set forth any affirmative defenses such as payment. *See* TEX. R. CIV. P. 94, 95. Villarreal argues appellees' trial testimony impermissibly invoked an affirmative defense of "no contract" or "payment" which appellees had been required to properly plead and verify prior to trial. *See id.* R. 94, 95. Appellees disagree with Villarreal's characterization of their testimony as raising an "affirmative defense." Assuming arguendo that appellees' testimony invoked an unpleaded affirmative defense, and that the trial court erred by considering such affirmative defense, for the reasons set forth below, the error is not reversible because it cannot be said to have "probably caused the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1).

17

"[A] trial court's error is reversible only if it was harmful." *In re Commitment of Jones*, 602 S.W.3d 908, 913 (Tex. 2020) (per curiam). No specific test exists for determining harmful error. *Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 145 (Tex. 2016); *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 242–43 (Tex. 2010) ("Probable error is . . . a matter of judgment drawn from an evaluation of 'the whole case from voir dire to closing argument, considering the state of the evidence, the strength and weakness of the case, and the verdict.'" (quoting *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008))). A reviewing court, in exercising its sound discretion, may reverse only if "the error complained of . . . probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a)(1); *see Caffe Ribs*, 487 S.W.3d at 145.

It is true that a defendant asserting an affirmative defense at trial must "present sufficient evidence to establish the defense and obtain the requisite [trial] findings." *Zorrilla*, 469 S.W.3d at 156. However, equally axiomatic is that a defendant's "general denial of the plaintiff's claim puts the entire matter at issue," *Genesis Tax Loan Servs., Inc. v. Kothmann*, 339 S.W.3d 104, 108 (Tex. 2011), and at trial, the burden of proof rests with the plaintiff "to establish their case by a preponderance of the evidence." *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 221 (Tex. 2019) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 728 (Tex. 1997); *Boswell v. Pannell*, 180 S.W. 593, 595 (Tex. 1915)); *see also Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001) (per curiam) ("If a party files a general denial in the trial court, that pleading puts a plaintiff to his or her proof on all issues."). In other words, where a general denial exists

18

and the plaintiff fails to establish his claim at trial, the viability of an unpleaded affirmative defense is irrelevant. *See Boswell*, 180 S.W. at 595 ("The burden of proof never shifts from the plaintiff to the defendant."); *see also S. States Life Ins. v. Paul*, 390 S.W.2d 479 (Tex. Civ. App.—Waco 1965, no writ) ("Affirmative defenses in the nature of avoidance do not come into play until a prima facie case is established.").

We are unable to consider the effect of Villarreal's absence as it is not the basis for his complained-of error on appeal, and we are unable to reverse except where "*the error complained of* . . . probably caused the rendition of an improper judgment" or barred his presentment of his case on review. *See* Tex. R. App. P. 44.1(a) (emphasis added); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211 (Tex. 2009) (orig. proceeding) ("Appellate judges have much less discretion because they are limited to the issues urged and record presented by the parties and because appellate courts are specifically limited to reversing judgments only for errors [under Rule 44.1]."). The "error complained of" here is the trial court's consideration of appellees' affirmative defense testimony. Even assuming without deciding that the testimony improperly invoked an unpleaded affirmative defense, the testimony was legally immaterial because Villarreal did not carry his burden of proof. *See* Tex. R. App. P. 44.1(a); *Bombardier Aerospace*, 572 S.W.3d at 221; *Boswell*, 180 S.W. at 595; *Paul*, 390 S.W.2d at 479. Therefore, the trial court's consideration of appellees' testimony did not cause the rendition of an improper judgment or prevent Villarreal from presenting his case. *See* Tex. R. App. P. 44.1(a); *see also G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (concluding a trial court erred in "granting a summary judgment on a cause of action not

19

expressly presented by written motion," but "the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds"); *Bryant v. Lucent Techs., Inc.*, 175 S.W.3d 845, 850 (Tex. App.—Waco 2005, pet. denied) (concluding that where the plaintiff "failed as a matter of law to establish her claim" at trial, the trial court's "erroneous restriction on [plaintiff's] closing argument did not result in the rendition of an improper judgment").

We overrule Villarreal's fourth issue.

## VI.    CUMULATIVE ERROR

We are uncertain what precisely Villarreal means to appeal by his multifaceted fifth issue, which presents largely fragmented, conclusory arguments. *See* TEX. R. APP. P. 38.1(i) (brief argument requirements); *see generally Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020) (per curiam) ("To determine whether an issue was waived, a court looks not only to the wording of the issue but the argument under each heading to assess the intent of the parties.").

In the "Argument and Authorities" portion of this issue in Villarreal's brief, he "request[s] for this [C]ourt to weigh in the cumulative effect of the trial court's decisions," "invokes" Rule 44 of the Texas Rules of Appellate Procedure, avers that his prior "motions should not have been grounds for the last motion for continuance to have been denied," and argues:

> The individual being punished is [Villarreal]. [Villarreal] had been present at all times. Unfortunately, on that date, inadvertently, the documents had been left in [Villarreal's] attorney's car. With no fault of [Villarreal's] attorney, [Villarreal] was left unrepresented at the day when he was led to believe that there would be a trial but he would not participate. And if he had been

20

> allowed to participate, he could do nothing without the documents and with no skill to defend himself.

*See* Tex. R. App. P. 44.1(a).

Villarreal cites to one page of the reporter's record he alleges evidences error, wherein the trial court orally acknowledged Villarreal's motion for continuance and denied it before proceeding with the hearing, but Villarreal provides no further discussion. Therefore, it remains unclear which "[m]ultiple errors" Villarreal challenges, what actions by the trial court prejudiced Villarreal's ability to present an issue for review, or which issue on appeal was prejudiced. *See id.* To the extent that issue five is a reiteration of issue one or two—which concern the trial court's denial of his third motion for continuance—having already concluded that the trial court did not abuse its discretion in denying Villarreal's motion for continuance, we find no reversible error on this basis under Rule 44.1.

Despite language insinuating a due process and/or an access-to-court challenge, Villarreal's brief does not support these issues with specific arguments or appropriate references to the record[6] or to relevant authority.[7] *See id.* R. 38.1(i). Provided that Villarreal means to raise a cumulative effect, due process, and/or access-to-court issue, we conclude these matters have been inadequately briefed. *See id.*; *Schack v. Prop. Owners Ass'n of Sunset Bay*, 555 S.W.3d 339, 354 (Tex. App.—Corpus Christi–Edinburg

---

[6] The record is devoid of any evidence indicating that the trial court refused to let Villarreal appear. Villarreal's affidavit submitted as an appendix on appeal does not include these allegations.

[7] Villarreal cites to five cases in this section of his brief—three of which concern the standard of review and two sister court cases citing to Rule 44.1 of the Texas Rules of Appellate Procedure—with no explanation or elaboration of case applicability. *See* Tex. R. App. P. 44.1.

2018, pet. denied) (concluding an issue was inadequately briefed where appellants "d[id] not include any specific argument related to this issue"); *see also In re K.S.*, No. 13-19-00416-CV, 2021 WL 317656, at *6 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2021, no pet.) (mem. op.) (concluding same where appellant's "argument in support of this issue is conclusory," and "she fails to support her argument with citation to the record or pertinent authority"). We overrule Villarreal's fifth issue.

## VII. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
24th day of March, 2022.